UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEROME WITHERSPOON,                          :

                Petitioner,          :

        - v -                              :

JOHN COLVIN,                                 :

              Respondent.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM & ORDER**

18 Civ. 4816 (DC)

APPEARANCES:        JEROME WITHERSPOON
                     Petitioner *Pro Se*
                     DIN 13-A-5372
                     Five Points Correctional Facility
                     P.O. Box 119
                     Romulus, NY  14541

                     LETITIA JAMES, Esq.
                     Attorney General of the State of New York
                     By:    Michelle Maerov, Esq.
                              Senior Assistant Attorney General
                     28 Liberty Street
                     New York, NY  10005
                         Attorney for Respondent

CHIN, Circuit Judge:

On August 5, 2018, petitioner Jerome Witherspoon, proceeding *pro se*, filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  Dkt.

1.  Witherspoon enclosed with the Petition a motion to stay proceedings until he

exhausted his remedies in state court.  *See id.* at 25-31.  This Court granted the stay, and

on August 30, 2019, Witherspoon notified the Court that he had exhausted his state remedies because the Appellate Division, Second Department, had denied him leave to appeal the denial of his motion, pursuant to N.Y. Crim. Proc. Law § 440.10, to vacate the judgment of conviction.  Dkt. 3; *see also* Dkt. 9-3 at 285, 314.  Respondent John Colvin, who is represented by the Office of the Attorney General, responded to the Petition on November 5, 2020, Dkt. 9, and Witherspoon replied on May 13, 2021, Dkt. 12.

Thereafter, the Court referred the Petition to Magistrate Judge Taryn A. Merkl for a Report and Recommendation ("R & R").  On August 31, 2022, Magistrate Judge Merkl issued a comprehensive and detailed R & R, in which she recommended that the Petition be denied and no certificate of appealability be issued.  *See* Dkt. 13 at 39.  After requesting and receiving an extension of time to object to the R & R, Witherspoon filed his objections on October 12, 2022, Dkt. 15, and Respondent submitted a response on October 25, 2022, Dkt. 16.  On February 6, 2023, the case was reassigned to me.

For the reasons set forth below, I overrule Witherspoon's objections and adopt the conclusions of the R & R.  I assume the parties' familiarity with the facts underlying the Petition; the history of Witherspoon's trial, direct appeal, and collateral proceedings; and the contents of the R & R, to which I refer only as necessary to explain this decision.

## DISCUSSION

**I.    *Summary of the Case***

On November 4, 2013, following a jury trial, Witherspoon was convicted in the Supreme Court of the State of New York, Queens County (Holder, *J.*), of assault in the first degree, two counts of criminal possession of a weapon in the second degree, assault in the second degree, and criminal possession of a weapon in the third degree. Dkt. 13 at 5.  The trial court sentenced him principally to twenty-two years' imprisonment.  *Id.*  The Appellate Division, Second Department, affirmed Witherspoon's conviction except as to second-degree assault; it vacated his conviction on that charge because it was a lesser included offense of first-degree assault.  *People v. Witherspoon*, 47 N.Y.S.3d 391, 393 (2d Dep't 2017).  The Court of Appeals (DiFiore, *C.J.*) denied leave to appeal.  *People v. Witherspoon*, 84 N.E.3d 979 (N.Y. 2018).

Witherspoon's convictions arose out of the non-fatal shooting of eighteen-year-old Shawn Bryant on October 14, 2012.  Bryant and Witherspoon were dancing (with others) at a house party when Bryant bumped into Witherspoon, a scuffle ensued, and Witherspoon shot Bryant in the leg.  *See* Dkt. 13 at 2.  After being read *Miranda* warnings, Witherspoon admitted that he had been at the party and "somebody had stepped on his foot."  *Id.*  Bryant identified Witherspoon out of a police lineup and, at trial, identified him in court.  *Id.* at 2-3.  In addition to Bryant, the People called as witnesses two police detectives who attended the scene and interviewed Bryant.  *Id.* at

3-4.  Moreover, the People introduced into evidence recordings of telephone calls

Witherspoon made while in pretrial detention at Rikers Island, in which Witherspoon

said he had shot Bryant because he was afraid Bryant would shoot him first, discussed

destroying the gun, and indicated he expected to serve a prison sentence.  *Id.* at 4.  The

defense did not put on a case.  *Id.*

## II.   *Legal Standards*

### A.   *Review of a Magistrate Judge's Report and Recommendation*

When a magistrate judge has issued an R & R and a party "makes specific

and timely written objections," a district court is to review *de novo* "those portions of the

report . . . to which objection is made."  *Reyes v. LaValley*, No. 10-CV-2524, 2013 WL

4852313, at *1 (E.D.N.Y. Sept. 10, 2013) (quoting 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b)(3)).  "The objections of parties appearing *pro se* are 'generally accorded leniency'

and should be construed 'to raise the strongest arguments that they suggest.'"  *Id.*

(quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *3-*4 (S.D.N.Y. Sept. 26,

2008)).  But "where objections are merely perfunctory responses, argued in an attempt

to engage the district court in a rehashing of the same arguments set forth in the

original petition," the standard of review is clear error.  *Ortiz v. Barkley*, 558 F. Supp. 2d

444, 451 (S.D.N.Y. 2008) (quoting *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1

(S.D.N.Y. Sept. 30, 2002)) (internal quotation marks omitted).   Upon review of the

R & R, the district court "may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."

Fed. R. Civ. P. 72(b)(3).

**B.**    *Federal Review of State Convictions*

As a threshold matter, a federal court may not grant a habeas petition

where the petitioner is in custody pursuant to a judgment of a state court unless the

petitioner "has exhausted the remedies available in the courts of the State," 28 U.S.C.

§ 2254(b)(1)(A), or such process is unavailable or ineffective, *see id.* § 2254(b)(1)(B).

Moreover, "federal courts will not review questions of federal law

presented in a habeas petition when the state court's decision rests upon a state-law

ground that is independent of the federal question and adequate to support the

judgment." *Cone v. Bell,* 556 U.S. 449, 465 (2009) (citation and internal quotation marks

omitted).  That is, federal courts may not review a state court ruling that "fairly

appear[s] to rest primarily on state procedural law," so long as the procedural bar is

"adequate to support the judgment." *Murden v. Artuz,* 497 F.3d 178, 191-92 (2d Cir.

2007) (citations omitted).  Federal courts in this Circuit have repeatedly held that the

gatekeeping provisions of New York law governing a petitioner's failure to raise a claim

on direct appeal "represent[] the application of a 'firmly established and regularly

followed' New York rule." *Williams v. Goord,* 277 F. Supp. 2d 309, 318-19 (S.D.N.Y. 2003)

(citations omitted).

Where a petitioner's claim was adjudicated on the merits in state court, a

federal court may not grant a habeas petition with regard to that claim unless the state

court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97-98 (2011); *Waiters v. Lee*, 857

F.3d 466, 477 (2d Cir. 2017).  Hence, when a claim is adjudicated on the merits, the state

court must be accorded "substantial deference."  *Fischer v. Smith*, 780 F.3d 556, 560 (2d

Cir. 2015).  "A federal court may reverse a state court ruling only where it was 'so

lacking in justification that there was . . . [no] possibility for fairminded disagreement.'"

*Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam) (quoting *Harrington*, 562 U.S.

at 103); *see also Wetzel v. Lambert*, 565 U.S. 520, 524 (2012) (per curiam).

This deferential standard is higher still for habeas petitions alleging the

ineffective assistance of counsel.  In general, to prevail on a claim of ineffective

assistance, a petitioner must (1) show that counsel's performance was so deficient as to

fall below "an objective standard of reasonableness"; and (2) establish prejudice by

demonstrating a "reasonable possibility" that, "but for counsel's unprofessional errors,

the result of the proceeding would have been different."  *Strickland v. Washington*, 466

U.S. 668, 688, 694 (1984).[1]  In the context of a habeas petition pursuant to 28 U.S.C.

§ 2254, however, "[e]stablishing that a state court's application of *Strickland* was

unreasonable . . . is all the more difficult.  The standards created by *Strickland* and

§ 2254(d) are both highly deferential, and when the two apply in tandem, review is

doubly so." *Harrington*, 562 U.S. at 105 (citations omitted).  Therefore, "[t]he operative

question" when a federal court reviews "a state court's *Strickland* ruling is thus not

whether [the] federal court believes the state court's determination was incorrect, but

rather whether that determination was objectively unreasonable." *Waiters*, 857 F.3d at

478 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal marks omitted).

## III.    *Application*

Witherspoon's Petition presents five grounds for relief, which fall into two

categories.  First, Witherspoon contends his trial counsel violated his right to autonomy

under the Sixth Amendment of the U.S. Constitution because counsel refused to present

a defense of justification (commonly called self-defense).  Second, he asserts four

ineffective assistance of counsel claims:  (a) counsel failed to investigate and present the

---

[1]      The standard to establish an ineffective assistance of counsel claim in New York is lower
than under federal law.  *See People v. Honghirun*, 78 N.E.3d 804, 807 (N.Y. 2017).  In New York, a
defendant must show only "that counsel failed to provide meaningful representation."  *People v.
Alvarez*, 125 N.E.3d 117, 120 (N.Y. 2019) (citing *People v. Stultz*, 810 N.E.2d 883 (N.Y. 2004); *People
v. Baldi*, 429 N.E.2d 400 (N.Y. 1981)).  Unlike the federal standard, *see Strickland*, 466 U.S. at 694,
the defendant is not required to demonstrate that the ineffective assistance resulted in prejudice,
*see Alvarez*, 125 N.E.3d at 120.  Here, however, both the parties and the magistrate judge
addressed only the federal standard.  *See* Dkt. 9-1 at 23; Dkt. 13 at 24-25; Dkt. 15 at 9-10.

justification defense, (b) counsel delivered a summation that was speculative and inaccurate, (c) counsel failed to object to inadmissible evidence, and (d) "even if . . . no single claim error deprived Petitioner of the effective assistance of counsel, when viewed together, these errors deprived this Petitioner of effective assistance of counsel." Dkt. 1 at 15.[2]  In the R & R, the magistrate judge considered whether Witherspoon's claims were procedurally barred and then, turning to the merits, concluded that each claim fails.  Dkt. 13 at 14-15.

**A.**   *The Autonomy Claim*

As to Witherspoon's autonomy claim, the magistrate judge determined that the Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018), which recognized that under the Sixth Amendment, "the accused, and not a lawyer, is master of his own defense" as to the objectives of the representation, does not apply retroactively.  *See* Dkt. 13 at 15-16.  The magistrate judge nevertheless assessed Witherspoon's claim on its merits, recommending that the Court reject this claim because counsel did not violate Witherspoon's Sixth Amendment autonomy right by declining to pursue the justification defense.  *See id.* at 19.

---

[2]   This numbering of Witherspoon's claims follows the Petition.  *See* Dkt. 1 at 5-17.  In his objections to the R & R, Witherspoon numbers his arguments differently.  He does not refer to his autonomy claim and instead divides his ineffective assistance claim about the justification defense into two parts: counsel's failure to investigate justification as a possible defense, *see* Dkt. 15 at 10-12, and counsel's failure to present the defense at trial, *see id.* at 12-14.  I consider below both facets of the claim concerning the justification defense.

Witherspoon has offered no specific objection to the R & R's treatment of this claim, and my review of the R & R is therefore for clear error. *See Ortiz*, 558 F. Supp. 2d at 451. I conclude there was none.

The state court that considered Witherspoon's motion to vacate his conviction (the "section 440 court") noted that "[t]he crux of defendant's motion . . . is his contention that . . . counsel's decision not to present the defense of his choice violated his Sixth Amendment rights." Dkt. 9-3 at 289. Applying *McCoy* as if the Supreme Court had made it retroactive, the section 440 court held that Witherspoon and his counsel did not differ as to their shared objective of an "outright acquittal" but only as to the "strategy" of how to achieve that goal. *Id.* Moreover, the Appellate Division, on Witherspoon's direct appeal, had "specifically held that there was no reasonable view of the evidence that would support a finding that defendant['s] actions were justified." *Id.*; *see also People v. Witherspoon*, 47 N.Y.S.3d at 392. These determinations of the New York courts are owed "substantial deference." *Fischer*, 780 F.3d at 560. Because the section 440 court properly distinguished between the objectives and tactics of counsel's representation of Witherspoon, I conclude it did not unreasonably apply federal law or unreasonably determine the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(1)-(2).

**B.**   *The Ineffective Assistance Claims*

As with Witherspoon's autonomy claim, the magistrate judge first considered whether his ineffective assistance claims were barred under various provisions of New York Crim. Proc. Law § 440.10.  *See* Dkt. 13 at 21-23.  The magistrate judge concluded there was an "arguable ambiguity" in the opinion of the section 440 court and, for that reason, did "not recommend denying the petition on the basis of procedural default."  *Id.* at 22-23.  Because "there is a presumption against finding a state procedural bar in cases of doubt," the magistrate judge considered the merits of Witherspoon's ineffective assistance claims and concluded that he is not entitled to habeas relief.  *Id.* (quoting *Garner v. Lee*, 908 F.3d 845, 859 (2d Cir. 2018)) (internal quotation marks omitted).

Witherspoon's primary objection to the R & R's treatment of his ineffective assistance claims is that the magistrate judge applied an overly deferential standard of review.  *See* Dkt. 15 at 7-8.  According to Witherspoon, the section 440 court improperly concluded that several of his ineffective assistance claims were procedurally barred.  Instead, he argues, the section 440 court should have treated his motion as a "mixed claim," *id.* at 6-7, because "some of [his] allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record," *People v. Maxwell*, 933 N.Y.S.2d 386, 388 (2d Dep't 2011) (internal quotation marks omitted).  Under New York and Second Circuit precedent, he contends, the section 440

court should have reviewed the claim of "ineffectiveness in its entirety." Dkt. 15 at 6

(quoting *Pierotti v. Walsh*, 834 F.3d 171, 178-79 (2d Cir. 2016)). Because the section 440

court did not do so, Witherspoon argues, the magistrate judge should have considered

the entire Petition *de novo*. *Id.* at 7.

        Although Witherspoon is right on the law -- New York generally requires

courts adjudicating section 440 petitions to review mixed claims in their entirety, even

where some elements are procedurally barred -- he is not correct that the section 440

court passed over the merits of his ineffective assistance claims.

        As the magistrate judge noted, the section 440 court's discussion of these

claims was ambiguous. Dkt. 13 at 23. The section 440 court held that Witherspoon's

argument that counsel should have requested a justification charge was procedurally

barred because the Appellate Division, on direct appeal, had already rejected that

argument on the merits. Dkt. 9-3 at 290. When the section 440 court addressed

Witherspoon's claims about "several other alleged failures of counsel," however, it used

merits language, concluding that Witherspoon's "motion papers overall fail to

demonstrate exactly how these failures would have changed the view of the evidence to

support his use of deadly physical force under the circumstances. Indeed, he has not

shown any prejudice from counsel's alleged failings." *Id.* The section 440 court

observed that "to the extent that several of these claims rely on matters that appear on

the record of the proceedings below," they are barred because they were not raised on

direct appeal.  *Id.*  But the court concluded:  "In any event, the record as a whole establishes that trial counsel's representation of defendant was both meaningful and objectively reasonable."  *Id.* at 291.  Respondent argues this is a disposition on the merits, which entitles the section 440 court's ruling to deference under 28 U.S.C. § 2254(d).  *See* Dkt. 16 at 2.

Either Witherspoon's claims are procedurally barred, in which case I cannot consider them further, or the state courts decided them on their merits, in which case deference is due.  Although the section 440 court's opinion is not a model of clarity, I construe it, as the magistrate judge did, as a determination on the merits because of the "presumption against finding a state procedural bar in cases of doubt."  Dkt. 13 at 23 (quoting *Garner*, 908 F.3d at 859).

With these considerations in mind, and giving deference to the state courts' decisions, *see Fischer*, 780 F.3d at 560, I address seriatim Witherspoon's objections to the R & R's recommendations about his ineffective assistance claims.

Witherspoon's first claim is that his counsel failed to investigate the justification defense and focused instead on arguing that the People failed to meet their burden of proof.  *See* Dkt. 15 at 10-12.  Witherspoon objects to the R & R's characterization of this claim.  *Id.* at 10.  He contends his argument is "that his counsel failed to review (or investigate) the evidence that he had in his hands" because, had counsel done so, "no reasonably well-trained attorney" would have refused to put on a

justification defense.  *Id.* at 11.  Contrary to Witherspoon's objection, the magistrate

judge accurately apprehended the Petition.  The R & R describes six pieces of evidence

that arguably could have sustained a justification defense but concludes Witherspoon

failed to demonstrate why further investigation by counsel would have "changed the

calculus" as to the probative value of this evidence.  Dkt. 13 at 27.  Moreover,

Witherspoon has failed to "overcome the presumption that, under the circumstances,

the challenged action might be considered sound trial strategy."  *Id.* at 29 (quoting

*Strickland,* 466 U.S. at 689) (internal quotation marks omitted).  Therefore, I overrule

Witherspoon's objection and accept the magistrate judge's recommendation that this

claim be rejected.

Witherspoon's second objection concerns his argument that counsel failed

to present the justification defense at trial.  Again, he objects to the R & R's conclusion

that counsel's decision was part of a reasonable trial strategy.  *See* Dkt. 15 at 12-15.

Witherspoon's objection relies on Respondent's purported "concession that, had

petitioner's testimony been presented to a jury, the outcome of the proceedings would

have been different."  *Id.* at 12-13.  But, in fact, Respondent made no such concession.

Instead, Respondent urged this Court to reject Witherspoon's claim because, "[f]irst,

counsel reasonably could have concluded the jury likely would have rejected

[Witherspoon's proposed testimony] as incredible" and, "[s]econd, petitioner's belated

claim that he shared this account with counsel itself lacks credibility."  Dkt. 9-1 at 25.

The magistrate judge agreed with Respondent that Witherspoon's counsel's decision was reasonable.  Dkt. 13 at 31-32.  Even assuming *arguendo* that counsel's choice was improper, the magistrate judge concluded, Witherspoon has made no showing of a reasonable probability the trial would have had a different outcome.  *Id.* at 32-33; *see Strickland*, 466 U.S. at 694.  Again, I overrule Witherspoon's objection and accept the magistrate judge's recommendation as to this claim.

Third, as to Witherspoon's claim that counsel's summation was prejudicial because it was inaccurate and speculative, he objects only to the R & R's finding that the summation was "effective, at least in part, as the jury found Witherspoon not guilty of attempted murder in the second degree, the most serious of the charges he faced."  Dkt. 13 at 34; *see also* Dkt. 15 at 16.[3]  Witherspoon contends the jury acquitted him on the attempted murder charge because the gunshot did not put the victim at risk of death or serious bodily injury, *see* Dkt. 15 at 16, but this is speculation.  The magistrate judge's conclusion that counsel's summation was tactical is reasonable.  Moreover, Witherspoon has not offered any evidence to establish either prong of an ineffective assistance claim under *Strickland*, especially considering the more exacting standard for making such a claim on a habeas petition under 28 U.S.C. § 2254.  *See Harrington*, 562 U.S. at 105.

---

[3]      I note that Respondent has withdrawn the argument that this claim is procedurally barred, *see* Dkt. 9-1 at 29, because in 2021 the New York legislature amended Crim. Proc. Law § 440.10 to permit "any post-judgment ineffective assistance of counsel claim to be raised in a CPL § 440.10 motion, regardless of whether the claim is based on the record."  Dkt. 16 at 3.

Accordingly, I overrule his objection and accept the magistrate judge's recommendation.

Witherspoon's fourth claim is that his counsel failed to object to the admission of certain pieces of evidence or, at minimum, failed to request limiting instructions as to that evidence. Here, Witherspoon objects to the magistrate judge's conclusion that counsel's performance was reasonably professional and that, "given the overwhelming evidence of his guilt," a different outcome was not likely had counsel proceeded differently. Dkt. 13 at 37; *see* Dkt. 15 at 16-17. The R & R amply demonstrates that counsel's performance was competent and there is no "reasonable probability" any alleged evidentiary errors would have changed the verdict. *Strickland*, 466 U.S. at 694; *see also Garner*, 908 F.3d at 861-62; Dkt. 13 at 37-38. Again, Witherspoon has not met either prong of *Strickland*, let alone the heightened standard for making an ineffective assistance claim on a habeas petition; therefore, I overrule his objection and accept the magistrate judge's recommendation.

Finally, I turn to Witherspoon's claim concerning cumulative error on the part of counsel. He objects that the magistrate judge improperly deferred to the Appellate Division and the section 440 court. *See* Dkt. 15 at 17-19. As I have discussed above, Witherspoon may be correct that it is ambiguous whether the state courts adjudicated this claim on the merits. But because I have concluded his claims are not procedurally barred, deference under 28 U.S.C. § 2254(d) is due. Regardless of the

standard of review, however, the magistrate judge accurately observed that the fatal

weakness in this final claim of Witherspoon's is that there can be no cumulative error

where there are no incremental errors to aggregate.  *See* Dkt. 13 at 38; *see also United

States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999) ("[T]he accumulation of non-errors

does not warrant a new trial." (citation omitted)).  Because Witherspoon has not shown

his counsel committed any cognizable errors, I overrule his objection and accept the

magistrate judge's recommendation.

## *CONCLUSION*

Witherspoon has failed to identify any reason I should reject or modify the

R & R's conclusion that the Petition be denied and a certificate of appealability not be

issued.  *See* Dkt. 13 at 39.  I hereby adopt the R & R as the opinion of the Court.

Witherspoon objects to the magistrate judge's recommendation that a

certificate of appealability be denied because the R & R applied the incorrect standard

of review.  *See* Dkt. 15 at 19-20.  In the alternative, however, he requests that this Court

"personally conduct de novo review (after appropriate briefing)." *Id.*  No further

briefing is necessary, and *de novo* review is inappropriate because, for the reasons given

above, deference is due to the state courts' merits determinations.

Witherspoon's Petition is denied.  Additionally, I decline to issue a

certificate of appealability because Witherspoon has not made a substantial showing of

the denial of a constitutional right.  *See* 28 U.S.C. § 2253.  Pursuant to 28 U.S.C.

§ 1915(a)(3), I certify that any appeal taken from this decision and order would not be taken in good faith.

   The Clerk of the Court shall enter judgment accordingly and close this case.  The Clerk of Court is respectfully directed to mail a copy of this memorandum and order and the judgment to Witherspoon at his last known address.

   SO ORDERED.

Dated:  New York, New York
    February 21, 2023

             DENNY CHIN
             United States Circuit Judge
             Sitting by Designation